# EXHIBIT A



# Notice of Service of Process

null / ALL
**Transmittal Number: 21607123**
**Date Processed: 06/11/2020**

| | |
|---|---|
| **Primary Contact:** | Daniel Garden Esq.<br>Legacy HealthCare Financial Services, LLC<br>3450 Oakton Street<br>Skokie, IL 60076 |
| **Electronic copy provided to:** | Andrew Bisping |
| **Entity:** | Evergreen Living & Rehab Center, LLC<br>Entity ID Number 3242144 |
| **Entity Served:** | Evergreen Living & Rehab Center, LLC |
| **Title of Action:** | Jarita Hicks vs. Evergreen Living & Rehab Center, LLC, d/b/a The Villa at Evergreen Park |
| **Matter Name/ID:** | Jarita Hicks vs. Evergreen Living & Rehab Center, LLC, d/b/a The Villa at Evergreen Park (10296504) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 2020CH04423 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 06/09/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Lorrie T. Peeters<br>312-763-6880 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

A.02

Return Date: No return date scheduled
Hearing Date: 7/23/2020 10:15 AM - 10:15 AM
Courtroom Number: N/A
Location: District 1 Court
Cook County, IL

FILED
6/4/2020 9:26 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04423

9390920

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JARITA HICKS, on behalf of herself and all

(Name all parties)

v.

EVERGREEN LIVING & REHAB CENTER

Case No. 2020-CH-04423

☑ **SUMMONS**    ☐ **ALIAS SUMMONS**

To each Defendant: Evergreen Living & Rehab Center, LLC- c/o Illinois Corp Service C, RA; 801 Adlai Stevenson Drive, Springfield, IL 62703

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

A.03

Summons - Alias Summons (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 58616

Atty Name: Alejandro Caffarelli

Atty. for: Plaintiff

Address: 224 S Michigan Avenue, Suite 300

City: Chicago

State: IL   Zip: 60604

Telephone: 312-763-6880

Primary Email: acaffarelli@caffarelli.com

Witness: 6/4/2020 9:26 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

A.04

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

**Daley Center Divisions/Departments**

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ⦿ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 3

A.05

Return Date: No return date scheduled
Hearing Date: 10/1/2020 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
Cook County, IL

Case: 1:20-cv-04032 Document #: 1-1 Filed: 07/09/20 Page 6 of 17 PageID #:13

FILED
6/2/2020 5:15 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04423

9376871

IN THE CIRCUIT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JARITA HICKS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EVERGREEN LIVING & REHAB CENTER, LLC, d/b/a THE VILLA AT EVERGREEN PARK and AVANTARA EVERGREEN PARK,<br><br>Defendant. | 2020CH04423 |

## CLASS ACTION COMPLAINT

Plaintiff Jarita Hicks brings this Class Action Complaint against Defendant Evergreen Living & Rehab Center, LLC, d/b/a The Villa at Evergreen Park and Avantara Evergreen Park (Defendant, including its assumed names, is collectively referred to herein as "Evergreen") to put a stop to its unlawful collection, use, and storage of Plaintiff's and the proposed Class's sensitive biometric data. Plaintiff alleges as follows based upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. This is an action under the Biometric Information Privacy Act, 740 ILCS 14/ 1, *et seq.* ("BIPA") brought by Plaintiff on behalf of a putative class of similarly situated individuals, namely, all Illinois citizens who performed work for Defendant in Illinois who had their biometric identifiers, including fingerprints improperly collected, captured, or otherwise obtained or used by Evergreen.

2.In Illinois, at least one hundred individuals perform work for Defendant, including at the 10124 S. Kedzie location where Plaintiff performed work.

3.Individuals who perform work for Defendant in Illinois have been required to place their fingers on Defendant's biometric time clocks in order to clock in and out of work. That is because Defendant uses a biometric time tracking system (its "Biometric Scanner System") that requires workers and employees to use their fingerprints of a means of authentication.

4.Illinois enacted the BIPA as an informed consent statute, specifically imposing safeguards to (a) ensure that individuals' privacy rights and control over their biometric identifiers and biometric information are properly honored and protected, and (b) subject private entities who fail to follow the statute's requirements to substantial potential liability.

5.Defendant disregards its workers' statutorily protected rights and unlawfully collects, stores, and uses their biometrics in violation of the BIPA. Specifically, Defendant has committed four distinct violations of (and continues to so violate) the BIPA because it did not (and continues not to):

- Create or make available a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class's fingerprint scans, as required by the BIPA;

- Properly inform Plaintiff, her agent(s), or Class members in writing that their biometric information or identifiers were being collected;

- Properly inform Plaintiff, her agent(s), or the Class members of the specific purpose and length of time for which their fingerprints or other biometric information were being collected, stored, and used, as required by the BIPA;

- Receive a prior written authorization from Plaintiff, her agent(s), or the members of the Class to collect, capture, or otherwise obtain their fingerprints, as required by the BIPA.

6. Accordingly, this Complaint seeks an Order: (i) declaring that Defendant's conduct violates BIPA; (ii) requiring Defendant to cease the unlawful activities addressed herein; and (iii) awarding statutory damages to Plaintiff and the proposed Class.

## PARTIES

7. Plaintiff Jarita Hicks is a natural person and citizen of the State of Illinois. She resides in Cook County, and was employed by Defendant at its Villa location at 10124 S. Kedzie from approximately July 2014 through October 2018.

8. Defendant Evergreen is an Illinois corporation registered to do business in the State of Illinois (File No. 04364732). It operates under the assumed names of The Villa at Evergreen Park and Avantara Evergreen Park, and operates several locations including its primary site at 10124 S. Kedzie Ave., Evergreen Park, IL 60805, where the Plaintiff performed work. Evergreen's other locations include but may not be limited to locations in Elgin, Long Grove, and Park Ridge, Illinois.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant is an Illinois corporation registered to conduct business in Illinois, does conduct business transactions in Illinois, and has committed its BIPA violations in Illinois. Additionally, this Court has jurisdiction over Plaintiff because she is a resident and citizen of the state of Illinois.

10. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 because Defendant and Plaintiff are citizens of Cook County, and Defendant is alleged to have committed its BIPA violations in Cook County.

11. Plaintiff stipulates and agrees that she does not seek any type of individual recovery that equals or exceeds the sum or value of $75,000 (seventy-five thousand dollars); nor will she demand or accept any recovery that equals or exceeds that amount, exclusive of interest and costs, in resolution or satisfaction of her individual BIPA claim. *See* Plaintiff's Stipulation as to Damages, attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

12. Biometric identifiers specifically include fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

13. Section 15(a) of BIPA provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

14. BIPA also makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's biometric identifiers or biometric information," unless it first:

1) Informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
2) Informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
3) Receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

4

15. As alleged herein, Defendant's practices in collecting, storing, and using individuals' biometrics violates § 15(a) as to all affected members of the public (limited in this lawsuit to Plaintiff and the putative class) and all three prongs of § 15(b) of BIPA.

16. Defendant's Biometric Scanner System requires workers to use their fingerprints as a means of authentication. Unlike a traditional timeclock, workers using the Biometric Scanner System are required to place their finger on the machine, which then registers or scans their fingerprints in order to "punch" in to or out of work. Because Defendant provided Plaintiff with no information regarding the Biometric Scanner System, Plaintiff cannot definitively state what information the scanners collected from her and putative class members.

17. Plaintiff was instructed by Defendant to (and did) clock in and out by using its Biometric Scanner System to have her fingerprint scan collected and/or captured for the ostensible purpose(s) of time tracking, recording attendance, and/or authentication.

18. Plaintiff observed that other workers all used the same Biometric Scanner System for clocking in and out of work.

19. Defendant failed to inform Plaintiff in writing that her biometric information or data was being collected.

20. Defendant failed to inform Plaintiff of the extent of the purposes for which they collected her sensitive biometric data or to whom the data was disclosed, if at all.

21. Defendant also failed to obtain prior written authorization from Plaintiff, regarding the collection, use, storage, or disposal of biometric information.

22. Defendant similarly failed to develop or make available a written, publicly available policy identifying its retention schedule, or guidelines for permanently destroying any

biometric data, as required by the BIPA.

23. At the location where Plaintiff worked, Defendant's practices regarding informed consent as to its Biometric Scanner System and related polices are identical as to all individuals performing work for the Defendant.

24. Upon information and belief, Defendant used the same Biometric Scanner System at each of its Illinois locations, and its practices at each location were uniform as described herein.

25. Plaintiff seeks statutory damages under BIPA based on Defendant's four articulated violations of BIPA. Plaintiff specifically does not seek, and does not believe there are any grounds to seek, damages for more than four BIPA violations.

## CLASS ALLEGATIONS

26. Upon information and belief, Plaintiff's experiences as described above are typical and representative of the experiences of the putative BIPA Class.

27. Upon information and belief, at least 100 individuals in Illinois who are similarly situated persons and potential Class members perform(ed) work for the Defendant.

28. **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of herself and a BIPA Class of similarly situated individuals, defined as follows:

> **All citizens of Illinois who, using the Defendant's Biometric Scanner System or other device, had their fingerprints or other biometric information collected, captured, received, otherwise obtained, used, or stored by the Defendant, at any of Defendant's locations in the State of Illinois in the five years preceding the filing of the Complaint.**

29. **Numerosity:** The exact number of Class members is unknown to Plaintiff at this time, but upon observation, information and belief, it is at least 100 individuals, making individual joinder impracticable. Defendant has collected, captured, received, or otherwise obtained

6

biometric identifiers or biometric information from at least 100 people who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

30. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    1) Whether Defendant required workers and/or other individuals to provide biometric information;

    2) Whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

    3) Whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, and/or storing their biometric identifiers or biometric information;

    4) Whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

    5) Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

    6) Whether Defendant complies with any such written policy (if one exists);

    7) Whether Defendant used Plaintiff's and the Class's fingerprints to identify them; and

    8) Whether Defendant's violations of the BIPA were committed negligently or recklessly.

31. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and

Defendant has no defenses unique to Plaintiff. Plaintiff is an adequate representative of the Class because all potential plaintiffs were subject to Defendant's uniform policies and practices. Plaintiff and his counsel are committed to vigorously prosecuting their action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

32. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### COUNT I – BIOMETRIC INFORMATION PRIVACY ACT
### (Class Action against Defendant)

33. Plaintiff restates and incorporates the foregoing allegations as though fully set forth herein.

34. BIPA is primarily an informed consent statute, which mandates that entities wishing to collect, store, and/or use biometric information must put in place certain reasonable

safeguards to protect individuals' privacy. *See* 740 ILCS 14/15.

35. Defendant failed to comply with BIPA mandates, thus committing the four distinct violations of BIPA § 15(a) and § 15(b) articulated herein with respect to Plaintiff and each putative BIPA Class member.

36. Defendant qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

37. Plaintiff and the BIPA Class members are individuals who had their "biometric identifiers" (in the form of their fingerprints) collected by Defendant by way of Defendant's biometric scanners, i.e. time clocks. *See* 740 ILCS 14/10.

38. Plaintiff's and the BIPA Class's biometric identifiers were used to identify them, and therefore constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

39. Defendant violated 740 ILCS 14/15(a) by failing to develop or make publicly available a retention schedule or guideline for permanently destroying biometric identifiers and biometric information it collected from Plaintiff and the Class.

40. Defendant violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected and stored.

41. Defendant violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and/or used.

42. Defendant violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the Class before it collected, used, and/or stored their biometric identifiers and biometric information.

43. For each of the four violations identified herein, Plaintiff and the members of the

putative Class are entitled to recover anywhere from $1,000 to $5,000 in statutory damages. 740 ILCS 14/20.

WHEREFORE, Plaintiff Jarita Hicks, individually and on behalf of other similarly situated individuals, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Evergreen, and grant her the following relief:

a) Certifying this case as a class action on behalf of the BIPA Class defined above, appointing Plaintiff as representative of the BIPA Class, and appointing her counsel as Class Counsel;

b) Awarding injunctive and other equitable relief as is necessary to protect the interests of the BIPA Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

c) Awarding statutory damages to each person whose rights were violated under BIPA, pursuant to 740 ILCS 14/20;

d) Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees and costs;

e) Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

f) Any further relief that is deemed just and equitable.

Dated: June 2, 2020

Firm No. 58616
Alejandro Caffarelli, #6239078
Lorrie T. Peeters, #6290434
Katherine Stryker, #6333420
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Ste. 300
Chicago, IL 60604
Tel. (312) 763-6880

Respectfully submitted,

JARITA HICKS, on behalf of herself and all others similarly situated,

By: /s/ Lorrie T. Peeters
    Attorney for the Plaintiff
    lpeeters@caffarelli.com

Return Date: No return date scheduled
Hearing Date: 10/1/2020 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
         Cook County, IL

Case: 1:20-cv-04032 Document #: 1-1 Filed: 07/09/20 Page 16 of 17 PageID #:23

FILED
6/2/2020 5:15 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04423

9376871

# Exhibit A

## **Stipulation as to Damages**

I, _*Jarita Hicks*_ stipulate and agree that I do not, and will not, seek, demand, or accept any recovery that equals or xceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, in resolution or satisfaction of my own individual BIPA claim.

_*Jarita Hicks*_                                  05 / 30 / 2020

Signature – **Jarita Hicks**                       Date

A.17